**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **CURTIS DAVIS,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:12-CV-92(MTT)** |
| ) | |
| **PRODUCERS AGRICULTURAL** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## <u>ORDER</u>

This case is on remand from the Eleventh Circuit.  *See Davis v. Producers Agric. Ins. Co.*, 762 F.3d 1276 (11th Cir. 2014).  Movant Curtis Davis has moved for judgment on the record (Doc. 30), and Respondent Producers Agricultural Insurance Company ("ProAg")[1] has moved for confirmation of the arbitration award (Doc. 35).  For the following reasons, Davis's motion is **DENIED** and ProAg's motion is **GRANTED**.

## I.  BACKGROUND

Davis filed this action seeking vacatur of an arbitration award in favor of ProAg, his insurer.  (Doc. 1).  Davis filed for arbitration after ProAg denied his claim under his crop insurance policy, and the arbitrator determined that ProAg's denial was justified because Davis failed to abide by a thirty-day deadline for providing further documentation in support of his claim.  *Davis*, 762 F.3d at 1280, 1285.  Davis argued that the deadline, which was set in a June 12, 2009 letter, was not in the policy and so the arbitrator exceeded his authority by interpreting the policy to allow ProAg to set and

---

[1] ProAg's proper name is "Producers Agriculture Insurance Company."  (Doc. 35 at 1 n.1).

enforce such a deadline.[2]  (Doc. 4 at 11-13).  The policy required the parties to obtain

an interpretation from the Federal Crop Insurance Corporation ("FCIC") if a dispute in

arbitration "in any way involves a policy or procedure interpretation, regarding whether a

specific policy provision or procedure is applicable to the situation, how it is applicable,

or the meaning of any policy provision or procedure."  (Doc. 3-1 at 22).  The policy

provided that the "[f]ailure to obtain any required interpretation from [the] FCIC will result

in the nullification of any agreement or award."[3]  (Doc. 3-1 at 22).  Thus, the issue

before the Court was whether the arbitrator's decision was a factual determination or a

policy interpretation.  (Doc. 17 at 11).

       In deciding that the arbitrator made a policy interpretation, the Court reasoned

that several of the Final Agency Determinations ("FADs") issued by the FCIC "indicate

that a FCIC interpretation was needed in this case because the FCIC has issued

interpretations discussing the reasonableness of an insurance provider's deadlines."

(Doc. 17 at 12).  Specifically, the Court considered FAD-87, which provides that an

insurance provider has "discretion to impose a reasonable deadline for an insured to

provide documentation when requested."  *Id.* (quoting FAD-87 (Mar. 27, 2008)).  Yet

FAD-87 also says that "insurance provider[s] cannot set the deadline more than 60 days

after the end of the insurance period."  *Id.*; FAD-87 (Mar. 27, 2008) ("Although [an

insurance provider] may establish a reasonable deadline for the insured to provide

---

[2] Davis also argued vacatur was warranted because the arbitrator failed to enter an award within the time frame required by the American Arbitration Association.  *Davis*, 762 F.3d at 1281.  The Eleventh Circuit concluded that the arbitrator's failure did not provide a basis for overturning his decision.  *Id.* at 1286-87.

[3] Section 10 of the Federal Arbitration Act ("FAA") permits a federal court in the district where the award was made to vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).

requested documentation, the deadline cannot extend more than 60 days after the end

of the insurance period.").  Because the end of the insurance period here was

December 24, 2008, and ProAg imposed the thirty-day deadline in its June 12, 2009

letter, the Court reasoned that FAD-87 did not address the present situation.  (Docs. 17

at 12; 31 at 11; 34 at 7).  Still, FAD-87 appeared to demonstrate that the arbitrator

exceeded his authority: FAD-87 suggests that the issue is a matter of policy

interpretation, but by its own terms, it does not authorize a deadline that "extend[s] more

than 60 days after the end of the insurance period."  Accordingly, the Court concluded

that the "timeliness issue decided by the arbitrator was the type of matter reserved for

interpretation by the FCIC" and held that "the failure to obtain a required interpretation

from the FCIC" required vacatur of the arbitration award.  (Doc. 17 at 13-14).

After seeking and getting input from the FCIC, the Eleventh Circuit reversed this

Court.  *Davis*, 762 F.3d at 1287-88.  The United States argued the Court "erred in

characterizing the timeliness question before the arbitrator as an interpretive issue that

required prior submission to the FCIC."  *Id.* at 1285.  Relying on FAD-87, the FAD

acknowledged by this Court and which seemed to prohibit the deadline imposed by

ProAg, the United States argued "the FCIC has issued a ruling that insurers 'have the

discretion to impose a reasonable deadline for an insured to provide documentation

when requested'"; "the arbitrator was not required to seek another FCIC interpretation

on the same issue"; and, since FAD-87 was binding, "the arbitrator could have

reasonably concluded that ProAg was authorized to issue" and enforce the thirty-day

deadline.  *Id.*  As the Eleventh Circuit put it,

> In essence, the FCIC *agrees with [Davis] that whether the insurer can impose a reasonable deadline, not explicitly found in the policy, on the receipt of information from the insured is an interpretive issue within the exclusive province of the FCIC.*  However, the [United States] further points out that the agency already has exercised its prerogative and provided the interpretation by making clear in an earlier ruling that an insurer can impose such a reasonable deadline.

*Id.* at 1285-86 (emphasis added).

The Eleventh Circuit "accord[ed] these determinations—that the issue was one of interpretation and that insurers can impose such deadlines—substantial weight because they were made by the agency charged with administration of the statute."  *Id.* at 1286 (citations omitted).  Adopting the United States' view, the Eleventh Circuit then held:

> Because the FCIC has determined, as an interpretive matter, that insurer-imposed deadlines are compatible with the purposes of the statutory and regulatory scheme, the individual factual determinations that such a deadline was imposed and that, in the specific circumstances of the transaction, its imposition was reasonable were matters for the arbitrator.  The arbitrator therefore acted well within his discretion in concluding that, because [Davis] had failed to comply with the thirty-day deadline and thus breached his duty under the contract, ProAg was within its rights to determine that the claim ought to be denied.

*Id.*  "In sum," the Eleventh Circuit concluded that "further submission of the issue to the FCIC was not required" because of FAD-87 and that "the arbitrator did not exceed his authority when he found that the failure to abide by the deadline in the June 12th letter was a sufficient basis for denial of the claim."  *Id.*

Neither the United States nor the Eleventh Circuit addressed FAD-87's language that "the deadline cannot extend more than 60 days after the end of the insurance period."  The Eleventh Circuit did, however, address the Court's reliance on FAD-87 in a footnote: "The district court noted the existence of FAD-87, but apparently did not believe it answered the precise question presented by the facts of this case.  As the

[United States] correctly notes, however, the purpose of FADs is to resolve interpretive issues across factual scenarios." *Id.* at 1285 n.23 (citation omitted). Though FADs may cut across factual scenarios, the Court did not believe FAD-87 could cut across its own terms. Still, as the Eleventh Circuit pointed out, the FCIC acknowledged this Court's recognition of the seemingly clear 60-day limitation in FAD-87.

Following the Eleventh Circuit's decision, Davis filed a petition for rehearing en banc. Davis argued that the United States' brief should be given limited weight, in part, because he did not have an opportunity to address the United States' positions: "[T]hey were not asserted by the Parties named herein, but were instead raised by [the United States] in its Brief, after Party briefing and Oral Argument had concluded." Petition for Rehearing En Banc at 19, *Davis*, 762 F.3d 1276 (No. 13-10648). Davis further argued that "[t]he relevant [ProAg] deadline was in violation of FAD-87" and that "FAD-87 does not address situations such as the present dispute because [it] clearly states the [insurer's] 'deadline cannot extend more than 60 days after the end of the insurance period.'" *Id.* at 20. Davis's petition was denied.

Davis now moves for judgment on the record, arguing that the arbitrator exceeded his powers by issuing an award in contradiction of FAD-87 and interpreting the policy to allow ProAg to set a deadline more than 60 days after the expiration of the insurance period. (Doc. 30 at 3). Davis argues that the Eleventh Circuit "was not aware … the relevant [ProAg] deadline was set more than sixty days after the end of the insurance period" and that the issue was not argued prior to the Eleventh Circuit's decision and is now ripe. (Doc. 30 at 2). To the extent the Eleventh Circuit did decide

this issue, Davis argues the law-of-the-case doctrine does not apply because the Eleventh Circuit clearly erred and intervening authority requires vacatur.

ProAg responds that all issues were disposed of on appeal and that the Eleventh Circuit was "well aware" of the relevant dates and correctly decided the "arbitrator acted within his discretion in making factual determinations regarding the deadline imposed by ProAg and its reasonableness based on FAD-87." (Doc. 34 at 7). ProAg has moved for confirmation of the arbitration award, arguing that its request is consistent with the Eleventh Circuit's holding that the award is not subject to vacatur on the grounds that the arbitrator exceeded his authority. Apart from reiterating the arguments in support of his motion, Davis argues that ProAg's motion must be dismissed because it is untimely.

## II.   DISCUSSION

### A.   Standard of Review

"Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) (citation and internal quotation marks omitted). This doctrine "comprehends things *decided by necessary implication* as well as those decided explicitly." *Id.* (citation and internal quotation marks omitted); *see also United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."). "The doctrine's central purposes include bringing an end to litigation, protecting against the agitation of settled issues, and assuring that lower courts obey appellate orders." *Transamerica*

*Leasing*, 430 F.3d at 1331.  "[T]he law of the case doctrine does not apply to bar reconsideration of an issue when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."  *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984) (citation omitted).

"The mandate rule 'is nothing more than a specific application of the "law of the case" doctrine.'"  *Transamerica Leasing*, 430 F.3d at 1331 (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985)).  Thus, "[a] trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate."  *Piambino*, 757 F.2d at 1119.  "The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces."  *Id.* (citations omitted).  The trial court is "free to address, as a matter of first impression, those issues not disposed of on appeal," but "it is bound to follow the appellate court's holdings, both expressed and implied."  *Id.* at 1119-20 (citations omitted).

### B.   Analysis

#### 1.   Davis's Motion for Judgment on the Record

Davis first argues that the arbitrator exceeded his authority by interpreting the policy to allow ProAg to set and enforce a deadline extending more than 60 days after the end of the insurance period.  This argument was rejected by the Eleventh Circuit when it determined that the arbitrator "acted well within his discretion" and "did not

exceed his authority when he found that the failure to abide by the deadline in the June 12th letter was a sufficient basis for denial of the claim." *Davis*, 762 F.3d at 1286; *see Jordan*, 429 F.3d at 1035 ("An argument is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument."). Revisiting an issue squarely addressed by the Eleventh Circuit is exactly what the law-of-the-case doctrine prevents.

Davis next argues the Court should disregard the law of the case because it is clearly erroneous and will work manifest injustice if not reconsidered. Davis argues the Eleventh Circuit "obviously missed the fact that FAD-87 explicitly bars the kind of deadline that was asserted by [ProAg] and enforced by the arbitrator." (Docs. 36 at 7; 37 at 8). That may or may not be true. The Court does not presume. But the "clear error" exception is a "high bar" and "must be rarely invoked." *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). "[I]n a close case, a court must defer to the legal conclusion of a coordinate court in the same case; only when the legal error is beyond the scope of reasonable debate should the court disregard the prior ruling." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370-71 (11th Cir. 2003). Put another way, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must … strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988); *see also Cox Enters., Inc.*, 794 F.3d at 1272 n.92 (citing the same). Here, both the United States and the Eleventh Circuit examined FAD-87 and came to the conclusion that it authorized ProAg to set and enforce the deadline identified in the June 12th letter and that further submission to the FCIC was not

required.  *Davis*, 762 F.3d at 1285-86.  This Court cannot say that the Eleventh Circuit's decision reeks of dead fish.

Finally, Davis argues that "controlling authority has since made a contrary decision of law applicable to [this] issue."  *Wheeler*, 746 F.2d at 1440 (citation omitted).  Davis cites to language from two FADs issued after the Eleventh Circuit's decision.  FAD-225 provides that "[a]ny interpretation provided by FCIC, in writing or orally, will be binding in any mediation or arbitration.  Subsequently, the failure to obtain the required interpretation from FCIC or if an arbitrator disregards an interpretation provided by FCIC, the award is nullified."  FAD-225 (Feb. 4, 2015).  FAD-232, on the other hand, provides that "the arbitrator has no authority to interpret any policy or procedural provision"; "[i]f there is a dispute over any policy or procedural provision in any forum … the parties are required to seek a [FAD]"; and, "the arbitrator is bound to give deference to any FCIC interpretation."  FAD-232 (April 10, 2015).  Davis argues that the arbitrator "did not give deference to FAD-87 and no [FAD] was obtained[;] [a]s a result, vacatur is mandated by … FAD-232."  (Doc. 36 at 8).  Relying on FAD-225, Davis further argues that "[a]s a matter of Law, an arbitrator's award entered in contradiction of an FCIC [FAD] is to be 'nullified.'"  (Doc. 36 at 11).

ProAg responds that FAD-225 and FAD-232 are not contrary to the authority relied on by the Eleventh Circuit.  In rendering its decision, the Eleventh Circuit relied on 7 C.F.R. § 457.8, which provides that an interpretation from the FCIC must be obtained "if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure."  *Davis*, 762 F.3d at

1285 (quoting 7 C.F.R. § 457.8).  Similarly, the Eleventh Circuit recognized that "[t]he FCIC's interpretations, issued in the form of [FADs], are 'binding on all participants in the Federal crop insurance program.'"  *Id.* (quoting 7 C.F.R. § 400.765(c)).  ProAg argues that the language "regarding nullification of the arbitration award if the arbitrator does not obtain an interpretation of the policy" is not applicable because the Eleventh Circuit held that further interpretation from the FCIC was not required and such language is already included in the policy.  (Doc. 38 at 6 n.1).  Finally, ProAg argues that

> Even if the arbitrator made an incorrect legal conclusion/error of law or disregarded the FCIC's determination, [Davis] cannot equate such error or disregard with the arbitrator exceeding his powers or imperfectly executing them in an attempt to circumvent the Supreme Court's holding [in *Hall Street*[4]] that the FAA provides the *only* grounds for vacatur and the statutory grounds for vacatur may not be supplemented by contract.

(Doc. 34 at 10-11).  Thus, ProAg argues that "[t]he FCIC's statement in FAD-225 that an award is nullified if the arbitrator disregards an interpretation of the FCIC directly conflicts with [the] rulings of the Supreme Court" and the Eleventh Circuit.  (Doc. 34 at 11).

The Eleventh Circuit held that FAD-87 authorizes an insurer to "impose a reasonable deadline for an insured to provide documentation when requested."  *Davis*, 762 F.3d at 1286 (quoting FAD-87 (Mar. 27, 2008)).  It then held that "the individual factual determinations that such a deadline was imposed and that, in the specific circumstances of the transaction, its imposition was reasonable were matters for the arbitrator."  *Id.*  Finally, it held that the arbitrator "acted well within his discretion in concluding that, because [Davis] had failed to comply with the thirty-day deadline and

---

[4] *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396 (2008).

thus breached his duty under the contract, ProAg was within its rights to determine that the claim ought to be denied." *Id.*  Based on the above, it is clear that the issue of whether FAD-87 authorized the arbitrator's conclusion has already been decided.  Thus, the Court cannot say that the arbitrator entered an award "in contradiction" of FAD-87 or that he did not "give deference to FAD-87."  Therefore, none of the authority Davis relies on has "made a contrary decision of law applicable" to this case.  *Wheeler*, 746 F.2d at 1440 (citation omitted).

The Court can understand Davis's exasperation.  He perhaps rightly thinks his arguments on the merits have been right every time.  He convinced this Court that the arbitrator made an improper policy interpretation.  The FCIC agreed with the principle cited by Davis but reasoned that FAD-87 justified the actions of the arbitrator notwithstanding its seemingly clear limitation that an insurer cannot set this type of deadline more than 60 days after the end of the insurance period.  Convinced he has held the high ground throughout, he finds that he still loses the war.

### 2.    ProAg's Motion for Confirmation of the Arbitration Award

ProAg requests that the Court confirm the arbitration award.  (Doc. 35).  "There is a presumption under the FAA that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible.'"  *Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010) (quoting *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006)).  "Section 9 of the FAA provides that, upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with

sections 10 and 11 of the statute."  *Id.*  Section 10 of the FAA permits a federal court in the district where the award was made to vacate an award on four narrow grounds:

> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Davis argues that the arbitrator exceeded his authority by interpreting the policy to allow ProAg "to invent a deadline 'more than 60 days after the end of the insurance period.'"  (Doc. 37 at 5) (quoting FAD-87 (Mar. 27, 2008)).  As discussed above, the Eleventh Circuit has already determined that the arbitrator did not exceed his authority by allowing ProAg to set and enforce the deadline identified in the June 12th letter, and the exceptions to the law-of-the-case doctrine do not apply.  Thus, the award is not subject to vacatur on this ground.  Davis does not argue nor has he shown that the award should be vacated on any of the other statutory bases for vacating an arbitrator's award under the FAA.

Nevertheless, Davis argues ProAg's motion must be dismissed as time-barred because it was not filed until May 12, 2015, and the award was entered on December 15, 2011.  (Doc. 37 at 6).  The FAA provides that "at any time within one year after the award is made[,] any party to the arbitration may apply to the court … for an order confirming the award."  9 U.S.C. § 9.  Relying on the Second Circuit, Davis argues that

"under the Arbitration Act, a party has one year to avail itself of summary proceedings for confirmation of an award." (Doc. 37 at 6) (quoting *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152 (2nd Cir. 2003)). ProAg responds that the limitations period is permissive; even if it is mandatory, ProAg first applied for confirmation within one year after the award was entered; and, the limitations period was tolled during the pendency of the prior proceedings.

Even if the one-year period in Section 9 is mandatory, ProAg moved to dismiss Davis's motion to vacate the arbitration award on July 16, 2012. (Doc. 9). ProAg not only opposed Davis's motion but expressly requested that this Court "enforce the arbitration award entered on December 15, 2011," arguing that it "should be binding and confirmed" because of the terms of the policy and the limited statutory grounds for vacatur. (Doc. 9 at 1, 13). Thus, ProAg applied to this Court for an order confirming the arbitration award within one year after it was made. *See, e.g.*, *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 336 (S.D.N.Y. 2008); *Gen. Elec. Co. v. Anson Stamping Co. Inc.*, 426 F. Supp. 2d 579, 592-95 (W.D. Ky. 2006). Moreover, "when a party objects to an arbitration decision on the merits, the possible untimeliness of the confirmation application has been viewed as waived." *Maidman v. O'Brien*, 473 F. Supp. 25, 27 (S.D.N.Y. 1979); *see also Markowski v. Atzmon*, 1994 WL 162407, at *1 (D.D.C. 1994). Therefore, ProAg's motion is timely, and the Court is bound to confirm the arbitration award.

**III.**

**CONCLUSION**

For the foregoing reasons, ProAg's motion for confirmation of the arbitration award (Doc. 35) is **GRANTED**, and Davis's motion for judgment on the record (Doc. 30) is **DENIED**. Davis's request for oral argument is **DENIED**.

**SO ORDERED**, this 16th day of November, 2015.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT